IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY WAYNE WHITE, #133624, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-489-WHA |
| ) | (WO) |
| KIM THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Bobby Wayne White ("White"), a state inmate, challenging actions which occurred during a prior term of incarceration at the Easterling Correctional Facility.

Based on a review of the file and under the circumstances of this case, the court issued an order directing White to "advise the court of whether he seeks to proceed in this cause of action." Doc. 25.  White was specifically advised that his failure to respond to this order would result in the dismissal of this case. Doc. 25.  White filed no response to the order.  However, the order contained a typographical error with respect to the date on which White's response was due, i.e., January 6, 2015 instead of January 6, 2016. Doc. 25.  Thus, the court entered a second order requiring "that on or before January 25, 2016 [White] advise the court of whether he seeks to proceed in this cause of action." Doc. 26.  The court again cautioned White "that if he fails to file a response to this order the undersigned will recommend that this case be dismissed for such failure." Doc. 26.  As of the present date, White has failed to file a response to this second order. The court therefore concludes that this case is due to be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, the court determines that dismissal of this case is the proper course of action at this time. White is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him for his failure to respond would be ineffectual. Additionally, White's inaction in the face of the show cause order indicates a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution or federal law occurred. It therefore appears that any additional effort by this court to secure White's compliance would be unavailing and a waste of this court's limited judicial resources. Consequently, the court concludes that the plaintiff's failure to comply with the orders of this court warrants dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with the orders of this court.

It is further ORDERED that on or before February 19, 2016 the parties may file objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of February, 2016.

                                                   /s/ Gray M. Borden
                                        UNITED STATES MAGISTRATE JUDGE